NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALFREDO ZENDEJAS FRAUSTO,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-72556

Agency No. A204-627-374

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 15, 2019**

Before:    FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Alfredo Zendejas Frausto, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

The agency did not abuse its discretion in denying Zendejas Frausto's request for a continuance where he failed to demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Ahmed*, 569 F.3d at 1012 (listing factors to consider).

In his opening brief Zendejas Frausto does not make any arguments challenging the BIA's conclusion that his proposed social group of "Mexican nationals returning to Mexico after a lengthy period of residence in the United States" was not cognizable, and that he waived his political opinion claim on appeal to the BIA. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

Substantial evidence supports the agency's determination that Zendejas Frausto failed to demonstrate that the harm he fears in Mexico would be on account of a protected ground. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (holding that a personal dispute, standing alone, does not constitute persecution on account of a protected ground). Thus, Zendejas Frausto's asylum

and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of CAT relief because Zendejas Frausto failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009) (no likelihood of torture established).

**PETITION FOR REVIEW DENIED.**